UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CRIMINAL ACTION NO. 4:07-CR-30-M

UNITED STATES OF AMERICA                                            PLAINTIFF

V.

JAMES McGAN                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion to suppress by Defendant, James McGan [DN 12]. Fully briefed, this matter stands ripe for decision. For the following reasons Defendant's motion to suppress is **DENIED**.

## I. BACKGROUND

On October 11, 2007, Immigration and Customs Enforcement ("ICE") seized a thumb drive and three computers from the Defendant's residence. The seizures were authorized pursuant to a search warrant authorized by United States Magistrate Judge Whalin on October 9, 2007. The U.S. Magistrate issued the search warrant based upon an affidavit submitted by ICE Special Agent Ronald Crawford. The following facts were set forth in the affidavit.

In April 2006, ICE's Cyber Crimes Center, Child Exploitation Section, began an investigation of a criminal organization that operated commercial child pornography websites. The criminal organization offered 30-day memberships to numerous websites for $79.95 a month per website by way of various advertising websites. The ICE agents obtained PayPal transactional logs of individuals who purchased memberships to the child pornography websites. These logs contained the Defendant's name, address, email address, IP address, and phone number. The Defendant's

-1-

PayPal transactional log also included the subject identifier, item number, and email address associated with the criminal organization and the member-restricted websites that it operated which contained child pornography.

The ICE investigation revealed that the Defendant, on October 4, 2006, made a payment to a PayPal account for "HomeCollection 1001 30 day access." Through their investigation, the ICE agents determined that  that "HomeCollection 1001 30 day access" is the subject identifier and "1001" is the item number for the member- restricted website "Desired Angels." Printed "screen shots" from the "Desired Angels" member-restricted website were presented to the U.S. Magistrate. These  "screen shots" clearly depicted child pornography.  The Defendant also made a payment to a PayPal account for item number "1000," which ICE agents have identified as a member-restricted website known as "Sexy Angels."  "Screen shots" from this website depicting child pornography were also  presented to U.S. Magistrate.

The affidavit also explained the steps the ICE agents had to go through to gain access to the member-restricted websites containing child pornography. First, the agents accessed an advertising website. They were then redirected to an  "iWest" payment website.  At the "iWest" website, the agents entered personal information, including credit card information.  The ICE agents were then redirected to a second web page that indicated that the payment was being processed and the agents were instructed to check their submitted email accounts for further information or to click an icon to complete payment.  Both scenarios directed the ICE agents to complete the transaction through a PayPal account.  After completing the transaction, the agents received access to a  member-restricted website.  Through the course of their investigation, the ICE agents  completed over 60 transactions through the advertising websites and gained access to approximately 30 different

-2-

member- restricted websites.

## II. DISCUSSION

In his motion to suppress, the Defendant argues that the search of his computers and all resulting fruits should be suppressed because the affidavit in support of the search lacks the necessary probable cause to establish that 1) child pornography would be found at the Defendant's residence; or that 2) the child pornography traveled in interstate commerce as required by 18 U.S.C. § 2252. The Defendant also contends the affidavit is deficient because it relies on stale information. The Court will address each of these arguments in turn.[1]

### A. Probable Cause

When reviewing the sufficiency of an affidavit, the standard "is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." United States v. Davidson, 936 F.2d 856, 859 (6th Cir. 1991). Probable cause exists "when there is a fair probability, given the totality of the circumstances, that contraband of a crime will be found in a particular place." United States v. Greene, 250 F.3d 471, 479 (6th Cir. 2001)(quoting United States v. Davidson, 936 F.2d 856, 859 (6th Cir. 1991)).

The Defendant first argues that the affidavit in support of the search warrant does not support probable cause that child pornography images would be found on his computer. According to the Defendant, the affidavit does not establish that he viewed images of child pornography on his computer, but only that he gained access to two websites that contained thousands of images, "several" of which consisted of child pornography.

_____

[1]The Court need not address the issue of good faith raised by the Government since the Court holds that there was probable cause to issue a search warrant.

Several courts have recognized, however, that "evidence that a person has visited or subscribed to websites containing child pornography supports the conclusion that he has likely downloaded, kept, and otherwise possessed [child pornography]."  United States v. Wagers, 452 F.3d 534, 540 (6th Cir. 2006)(citing United States v. Martin, 418 F.3d 148, 157 (2nd Cir. 2005); United States v. Froman, 355 F.3d 882, 890-891 (5th Cir. 2004)).  Further, in United States v. Gourde, the Ninth Circuit stated that an individual's mere status as a member of a website that contains child pornography images, even a website that also contains legal pornographic images, manifests that individual's intention and desire to obtain illegal images. United States v. Gourde, 440 F.3d 1065, 1070 (9th Cir. 2006). The Gourde court noted that this is especially true where an individual is required to take several steps to gain membership to a website containing child pornography.  Id.  Here, the affidavit clearly establishes that the Defendant took several steps to become a paying member of a website advertised to contain child pornography and that did in fact contain child pornography.

Thus, the Court concludes that the affidavit contained sufficient facts to support the Magistrate's finding that there was a "fair probability" that the Defendant's computer contained evidence that he violated federal law by possessing, receiving, and/or transmitting child pornography.

**B. Interstate Commerce**

The Defendant next contends that the affidavit in support of the search warrant is insufficient because it does not support probable cause that the child pornography traveled in interstate commerce as is required by 18 U.S.C. § 2252.  However, several courts have recognized that "the transmission of photographs by means of the Internet is tantamount to moving photographs across

state lines and thus constitutes transportation in interstate commerce." <u>United States v. MacEwan</u>, 445 F.3d 237, 244 (3rd Cir. 2006); <u>United States v. Runyan</u>, 290 F.3d 223, 239 (5th Cir. 2002); <u>United States v. Carroll</u>, 105 F.3d 740, 742 (1st Cir. 1997). Here, the affidavit establishes that the Defendant paid to access a website containing images of child pornography. Thus, the Court holds that there was sufficient evidence to support the Magistrate's finding that there was a "fair probability" that any images of child pornography contained on the Defendant's computer had traveled in interstate commerce.

## C. Staleness

Finally, the Defendant argues that the information contained in the affidavit was stale. When a warrant is challenged on the issue stale information, the Sixth Circuit examines the following variables: (1) the character of the crime; (2) the criminal; (3) the items to be seized; and (4) the place to be searched. <u>United States v. Spikes</u>, 158 F.3d 913, 923 (6th Cir. 1998). The Court will consider each of these factors in turn.

In the present case, the affidavit states that on two separate occasions, October 4, 2006, and on November 12, 2006, the Defendant purchased memberships to websites that contained child pornography. ICE agents had purchased access to the same websites and found child pornography on each. The affidavit states that the memberships were for thirty days. The warrant was executed on October 11, 2007, nearly an eleven month gap from the last documented visit the Defendant made to the aforementioned websites.

The first factor in the staleness analysis considers whether the crime is a one-time occurrence or an ongoing activity. <u>United States v. Abboud</u>, 438 F.3d 554, 572 (6th Cir. 2006). While the affidavit confirms only two visits to the websites, the Defendant purchased a thirty-day membership

to each website, which suggests that the Defendant may have visited the websites more than once in the thirty-day periods.  However, the Court will accept that this factor favors a finding of staleness.

The second factor in the analysis considers whether the alleged criminal is "nomadic" or "entrenched." Id.  In the present case, the affidavit states that internet service has been provided to the Defendant at the same address since March 14, 2001.  According to his drivers license and the United States Postal Service, that address is the home address of the Defendant.  Furthermore, child pornography crimes are typically "tied to a place of privacy, seclusion, and high-speed Internet connectivity." Wagers, 452 F.3d at 540.  It is clear that the Defendant in this case is not "nomadic," suggesting the information was not stale.

The third factor addresses whether the nature of the alleged evidence is "perishable," "easily transferable," or "of enduring utility to its holder." Abboud, 438 F.3d at 573.  When staleness is viewed in context with child pornography, courts have recognized that people suspected of viewing or possessing child pornography commonly  retain the illegal material. United States v. Riccardi, 405 F.3d 852, 861 (10th Cir. 2005); United States v. Irving, 432 F.3d 401, 416 (2nd Cir. 2005) ("images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes").  The overwhelming case law supporting the hoarding tendencies of those who view child pornography,  along with the technical ability to retrieve data from computers, further supports  that the eleven month time frame did not render the information stale.

The final factor considers whether the place to be searched is a mere criminal forum of convenience or a secure operational base. Abboud, 438 F.3d at 573.  Once again, the criminal activity in cases involving viewing child pornography often occurs in the privacy of one's home.

<u>Wagers</u>, 452 F.3d at 540.  The affidavit established that the Defendant had internet access in his home and used that internet access to become a member of websites that contain child pornography, further refuting a staleness claim.

Thus, based upon a consideration of the above factors, the Court concludes that the information contained in the affidavit was not stale.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion to suppress is **DENIED**. **IT IS SO ORDERED.**

cc: Counsel of Record